IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| NATHANIEL JAMES ORR, ) | | Case No. 11-19580 ABC |
| ) | | Chapter 7 |
| Debtor. ) | | |
| _____ ) | | |
| ) | | |
| FIRST NATIONAL BANK OF SANTA FE, ) | | |
| ) | | |
| Plaintiffs, ) | | Adversary No. 11-1502 ABC |
| v. ) | | |
| ) | | |
| NATHANIEL JAMES ORR, ) | | |
| ) | | |
| Defendant. ) | | |

ORDER ON DEFENDANT'S MOTION TO DISMISS CLAIMS UNDER 11 U.S.C. § 523(a)(2)
AND (6); AND 11 U.S.C. § 727(a)(2)(A), § 727(a)(3), § 727(a)(5) OR FOR A MORE
DEFINITE STATEMENT

Before the Court is the Motion to Dismiss Claims Under 11 U.S.C. § 523(a)(2) and (6); and 11 U.S.C. § 727(a)(2)(A), § 727(a)(3), § 727(a)(5) or for a More Definite Statement ("Motion") filed by Defendant/Debtor Nathaniel James Orr ("Debtor") and the Response filed by Plaintiff First National Bank of Santa Fe ("Plaintiff" or "Bank").

Plaintiff brought this adversary proceeding for a determination that debts it alleges are owed to it by Debtor are non-dischargeable under 11 U.S.C. § 523(a)(2)(A), (4), and (6), and for denial of Debtor's Chapter 7 discharge under 11 U.S.C. § 727(a)(2)(A), (3), and (5). In his Motion, Debtor argues that Plaintiff's claims under § 523(a)(2)(A) and (6), and all of its claims under § 727(a) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In the alternative, Debtor requests a more definite statement of Plaintiff's claims under § 523(a)(2)(A) and all of the § 727(a) claims. Debtor's motion is not addressed to Plaintiff's claim under § 523(a)(4).

**1. Background**

The following general background is drawn from the allegations of the Complaint. The Bank is the beneficiary of a deed of trust ("Deed of Trust") encumbering certain property presumably owned by Bitzer Equities, LLC ("Bitzer") and located in Garfield County, Colorado ("Property"). The Deed of Trust secures a promissory note ("Note") executed by Bitzer in the original principal amount of $3,302,578.00. The Bank is the holder of the Note. Proceeds of the Note were to be used for the construction of improvements on the Property. Orr Structures, Inc.

("OSI") contracted with Bitzer to construct the improvements. Debtor is a principal owner, manager, and financial controlling person of OSI.

Pursuant to its loan agreement with Bitzer and the Note and Deed of Trust, the Bank disbursed money to OSI which was to be used for payment of subcontractors, suppliers and laborers on the construction project on the Property. The funds were disbursed to OSI in reliance on affidavits, certifications, and draw requests signed by Debtor. In the draw requests and payment releases signed by Debtor, Debtor represented that all of OSI's subcontractors and material suppliers were paid. Some of the subcontractors and material suppliers were not, in fact, fully paid by OSI and have filed in excess of $1 million of mechanics' liens against the Property. The mechanics' lien claimants have brought litigation in State Court to foreclose their mechanics' liens, and this litigation is ongoing. The Bank has suffered damages from the mechanics' liens on the Property because the value of its collateral has been impaired.

The Bank's claim for nondischargeability under § 523(a)(2)(A) is based on the Bank's allegations that Debtor intentionally misrepresented to the Bank that all of OSI's bills for labor, materials, and supplies for construction on the Property were paid. The Bank's § 523(a)(6) claim is based on its allegations that Debtor's intentional misrepresentations constituted "theft" under the provisions of Colorado's Mechanics' Lien Trust Fund Statute.

The Bank's claim for denial of Debtor's discharge under § 727(a)(2)(A) is based on its allegations that the full amount of money disbursed to OSI for construction on the Property was not paid to the mechanics' lien claimants. Its claims under § 727(a)(3) and (5) are based on the assertion that Debtor has not produced, in the State Court litigation, records showing how the money disbursed from the Bank to OSI was spent.

## 2. Arguments of the Parties

Debtor argues that all of Plaintiff's non-dischargeability claims are essentially based on alleged violations of Colorado's Mechanics' Lien Trust Fund Statute, C.R.S. § 38-22-127 ("TFS"), and are cognizable only as claims for defalcation while acting in a fiduciary capacity under § 523(a)(4). Therefore, Debtor argues, the §523(a)(2)(A) and (a)(6) claims should be dismissed. Debtor also argues that the Bank has failed to plead all the elements of fraud under § 523(a)(2)(A) and that it has failed to allege that Debtor committed the type of intentional tort necessary for nondischargeability under § 523(a)(6). Debtor asserts that the Bank's claims are based only on a breach of contract, which cannot support a claim under § 523(a)(6). Debtor contends that the Bank has failed to allege the specific elements of its claims under § 727(a), and maintains, with respect to the § 727(a)(2)(A) claim, that it has failed to allege any transfer of Debtor's property. To the extent that the Court determines the Complaint's allegations are sufficient, Debtor requests a more definite statement of the § 523(a)(2)(A) claim and all of the § 727(a) claims.

The Bank argues that the Complaint contains specific allegations of all the elements of a fraud claim under § 523(a)(2)(A) with respect to Debtor's misrepresentations in the draw

requests and payment releases. The Bank asserts that Debtor's intentional and false certifications constitute "theft" under the TFS and that theft is a willful and malicious injury under § 523(a)(6). The Bank contends that its allegations that the full amount of funds disbursed for construction on the Property were not paid to the mechanics' lien claimants sufficiently sets forth a claim that those funds were concealed and/or transferred by Debtor with the intent to hinder, delay, or defraud the Bank under § 727(a)(2)(A). The Bank maintains that its allegations that Debtor has not produced records in the State Court litigation demonstrating the use of the funds disbursed by the Bank on the construction project are adequate to state a claim under § 727(a)(3) for failure to keep adequate records, and under § 727(a)(5) for failure to explain a loss of assets.

### 3. The Motion to Dismiss

In ruling on a Rule 12(b)(6) motion, the Court must presume that all well-pleaded allegations of the complaint are true, and construe them in the light most favorable to Plaintiff. *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999). In order to survive dismissal under Fed. R. Civ. P. 12(b)(6), a plaintiff must include in the complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is "plausible" under this standard if the plaintiff pleads sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### A. Plaintiff's § 523(a)(2) Claim

The elements of a claim for relief for actual fraud under § 523(a)(2)(A) are that: (a) the debtor made a material false representation, (b) the debtor had an intent to deceive, (c) the creditor relied on the false representation, (d) the creditor's reliance was justifiable, and (e) the creditor suffered a loss. *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996); *Field v. Mans,* 516 U.S. 59, 74-75, 116 S.Ct. 437, 446 (1995). The debtor's intent to deceive may be inferred from the circumstances alleged. *Young*, 91 F.3d at 1375.

The allegations of Plaintiff's complaint sufficiently allege all these elements. For example, in paragraphs 28 through 31 of the Complaint it is alleged that Debtor "intentionally and falsely represented" that funds obtained through construction draw requests would be used solely to pay bills for the construction on the Property, that Debtor knew these representations were false when made, that they were made with the purpose of deceiving the Bank, that the Bank justifiably relied on the representations, and that it has sustained a loss as a result. Because the elements of fraud have been plainly and specifically pled, Debtor's motion to dismiss this claim will be denied.

### B. Plaintiff's § 523(a)(6) Claim

Under § 523(a)(6), a debtor is denied discharge of liabilities arising out of "willful and malicious injury" by the debtor to another or another's property. An act is "willful" under § 523(a)(6) if the debtor "desire[s] . . . [to cause] the consequences of his act or . . . believe[s] [that] the consequences are substantially certain to result from it." *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004) (quotation omitted). The act is "malicious" if the debtor intended the resulting injury or believed the injury was substantially certain to occur. *Id.* (quoting *Hope v. Walker (In re Walker),* 48 F.3d 1161, 1164 (11th Cir. 1995)). Accordingly, in order to state a claim under § 523(a)(6), the complaint must allege that the debtor intended the consequences of his action and that he intended the resulting injury to a person or his or her property, or that the debtor believed the consequences and resulting injury to person or property were substantially certain to result from his action. *Id.* at 1129-30.

The Bank's claim under § 523(a)(6) is obliquely pled, but appears to have two bases. First, the Bank claims that Debtor willfully and maliciously injured it by virtue of the fact that its collateral has been impaired by mechanics' liens "after [Debtor] intentionally and falsely represented" that lien claimants had been paid. Complaint, ¶ 47. The second basis is derivative of its claim under § 523(a)(4) for a violation of the TFS. Under C.R.S. § 38-22-127(5), a violation of the TFS is deemed "theft" under C.R.S. § 18-40-401,[1] and the Bank equates such a "theft" with a willful and malicious injury. Neither of these factual bases is adequate to state a claim for relief under § 523(a)(6) because there are no allegations that Debtor intended the consequences of his misrepresentations or misuse of trust funds, that he wished to cause the injury suffered by the Bank, or that he was substantially certain that such consequences and injury would occur. See, *Moore*, 357 F.3d at 1129-30 (debt for loss suffered by party who relied on debtor's intentional misrepresentations was not nondischargeable under § 523(a)(6) because debtor did not intend to cause the particular injury that occurred).

In sum, as emphasized by Judge Porfilio in *Moore,* establishing nondischargeability under
§ 523(a)(6) "takes a deliberate or intentional *injury* not merely a deliberate *act* that leads to injury." 357 F.3d at 1129 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974 (1998) (emphasis in original)). While the Bank has alleged that Debtor intended that the Bank would rely on his misrepresentations, the Bank fails to plead that Debtor intended to inflict the loss suffered by the Bank as a consequence thereof. Accordingly, the Bank fails to state a claim under § 523(a)(6).

---

[1] Proof of a violation of the TFS is not sufficient, under Colorado law, to establish that the crime of theft has occurred. Proof of all of the elements of C.R.S. § 18-40-401, including the requisite mental state, is required. *People v. Mendro*, 731 P.2d 704, 706 (Colo. 1987). Similarly, the Colorado Supreme Court has required proof of all of the elements of criminal theft under C.R.S. § 18-40-401 before imposing treble damages under the TFS. *Itin v. Ungar*, 17 P3d 129, 134 (Colo. 2000).

### C. Plaintiff's § 727(a)(2)(A) Claim

Section 727(a)(2)(A) requires proof of the following elements: (1) the debtor transferred, removed, concealed, destroyed, or mutilated, (2) property of the debtor or of the estate, (3) within one year prior to the filing of the bankruptcy, (4) with the intent to hinder, delay, or defraud a creditor. *Gullickson v. Brown (In re Brown),* 108 F.3d 1290, 1293 (10th Cir. 1997). Plaintiff's allegations with respect to this claim are based only its assertion that the full amount of funds disbursed to OSI by the Bank were not paid to subcontractors or suppliers to the construction project. The only property allegedly fraudulently transferred was property of OSI, not property of Debtor. Allegations that property of a corporation, in which a debtor has an interest, was transferred with fraudulent intent fails to allege the second element of a § 727(a)(2)(A) claim. *Mcorp Management Solutions, Inc. v. Thurman (In re Thurman)*, 901 F.2d 839, 841 (10th Cir. 1990). In *Thurman*, the Tenth Circuit stated that, "Congress intended to limit the reach of
§ 727(a)(2)(A) only to those transfers of property in which the debtor has a direct proprietary interest." *Id.* Accordingly, the Bank has not stated a claim for relief under § 727(a)(2)(A).

### D. Plaintiff's § 727(a)(5) Claim

A debtor may be denied a discharge under §727(a)(5) if he has failed to explain satisfactorily a loss of assets or deficiency of assets to meet the debtor's liabilities. To state a claim under this section, a creditor must allege that the debtor no longer has assets which the debtor previously owned and that the debtor has failed to explain the loss. *Riumbau v. Colodner (In re Colodner)*, 147 B.R. 90, 94 (Bankr. S.D.N.Y. 1992); *May v. Shepard (In re Shepard),* 2005 WL 4147868 (Bankr. D. Kan. 2005)(objecting creditor must show that debtor had assets that would have belonged to the bankruptcy estate, but did not possess those assets as of the petition date). See also, *Straub v. Straub (In re Straub)*, 192 B.R. 522, 525 (Bankr. D.N.D. 1996)(purpose of § 727(a)(5) is to deny discharge to debtor who refuses to cooperate with trustee or creditors in their effort to trace property that should have been part of the estate).

The Bank's claim under this section is insufficient because the only property mentioned in connection with this claim is the funds disbursed by the Bank to OSI for construction bills on the project. The allegations fail to identify any property previously owned by Debtor which has been lost without satisfactory explanation.

### E. Plaintiff's § 727(a)(3) Claim

Under § 727(a)(3), a debtor will be denied a discharge if he has "failed to keep or preserve any recorded information, including books, documents, records and papers, from which [his] financial condition or business transactions might be ascertained, unless such . . . failure . . . was justified under all the circumstances of the case." The purpose of § 727(a)(3) is to give the trustee and creditors a fair and complete picture of the debtor's financial affairs and to allow them to trace material business transactions. *Gray v. Jackson (In re Jackson),* 453 B.R. 789, 797 (Bankr. E.D.Pa. 2011)(citing *Meridian Bank v. Alten (In re Alten)*, 958 F.2d 1226, 1230 (3d Cir.

1992)).  In this regard, § 727(a)(3) is different from §727(a)(2)(A) and (a)(5).  While sections 727(a)(2)(A) and (a)(5) focus only on property of the debtor or property which would have been property of the debtor's estate, the failure to keep records which may result in denial of discharge under § 727(a)(3) may involve records of legally distinct business entities closely held by the debtor or intertwined with the debtor's financial affairs.  *Jackson,* 453 B.R. at 798; *Union Planters Bank, N.A. v. Conners,* 283 F.3d 896 (7th Cir.  2002); *Pher Partners v. Womble (In re Womble)*, 289 B.R. 836, 857 (Bankr. N.D.Tex. 2003), aff'd 108 Fed. Appx. 993, 2004 WL 2185744 (5th Cir. 2004).  See also, 6 COLLIER ON BANKRUPTCY ¶ 727.03[3][e] at 727-32 (16th ed. 2011)("All books and records that are material to a proper understanding of the debtor's financial condition and that are not merely personal books or records are within the scope of this provision.")

 The Complaint alleges that Debtor is "a principal owner director, manager, shareholder, officer, and/or financial controlling person of OSI."  Complaint, ¶ 13.  The Bank further alleges that Debtor's records of payments, either by himself or OSI, to subcontractors on the Property are inadequate because he has failed to produce any such information in the state court litigation.  Under the cases cites above, the Complaint sufficiently pleads that Debtor has failed to keep or preserve records that are material to an understanding of his financial condition and business transactions, thus it adequately states a claim for relief under § 727(a)(3).

### 3. The Motion for More Definite Statement

For the reasons stated above, the Court has determined that the Bank's claims under §§ 523(a)(2)(A) and 727(a)(3) adequately state claims for which relief may be granted and these claims will not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  In his Motion, the Debtor has requested a more definite statement of these claims if the Court does not dismiss them.

Under Fed. R. Civ. P. 12(e), a party may move for a more definite statement of any pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response."  The party must "point out the defects complained of and the details desired."  *Id.*            "A motion under Rule 12(e) is designed to strike at unintelligibility rather than want of detail.  As long as the pleading fairly apprises the opposing party of the nature of the claim, the motion should not be granted."  *Montagriff v. Adams County School Dist. 14,* 128 F.R.D. 117 (D. Colo. 1989)(internal quotation and citation omitted).

The Complaint specifically describes the nature of the alleged fraudulent statements and the manner in which they were made, and it also details the nature of the records which Debtor has purportedly failed to keep.  The Complaint is not so unintelligible that Debtor cannot respond, nor has Debtor pointed out any specific defects or  indicated any details he needs in order to prepare a response to these claims.  Accordingly, this motion will be denied.

### 4. Conclusion

As stated above, the Bank's claims under §§ 523(a)(6), 727(a)(2)(A), and 727(a)(5) do not state claims for which relief may be granted and will be dismissed under Fed. R. Civ. P. 12(b)(6). The Bank's claims under §§ 523(a)(2)(A) and 727(a)(3) contain enough facts to be plausible on their face and are neither so vague or ambiguous as to require a more definite statement.

It is accordingly,

ORDERED that Debtor's Motion to Dismiss is denied, in part, as to the Bank's claims under §§ 523(a)(2)(A) and 727(a)(3), and it is

FURTHER ORDERED that Debtor's Motion to Dismiss is granted, in part, and the Bank's claims under §§ 523(a)(6), 727(a)(2)(A), and 727(a)(5) are dismissed; and it is

FURTHER ORDERED that Debtor's Motion for More Definite Statement is denied.

DATED: November 22, 2011                          BY THE COURT:

                                                  A. Bruce Campbell,
                                                  United States Bankruptcy Judge

.